UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HOWARD E. THOMAS, § | |
| § | |
| Defendant/Petitioner, § | |
| § | |
| v. § | CRIMINAL NO. 4-95-235-002 |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff/Respondent. § | |

## ORDER

Pending before the Court is Defendant/Petitioner Howard E. Thomas' ("Thomas") Petition under 18 U.S.C. § 3582(c)(2) for Reduction of Sentence, wherein Thomas contends that, because of Amendment 599 to the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines"), his sentence should be reduced. (Dkt. No. 152.)

### Factual Background

On February 1, 1996, Thomas pled guilty to bank robbery, aiding and abetting, in violation of 18 U.S.C. §§ 2113(a) & (d) (Count 1), and to use of a semi-automatic assault weapon during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count 2). (Dkt. No. 68 at 1.) On June 3, 1996, the Court sentenced Thomas to 188 months imprisonment as to Count 1, followed by a consecutive term of 120 months as to Count 2. (*Id.* at 2.) The Court also ordered Thomas to pay a $100.00 special assessment, a $10,000.00 fine, and restitution in the amount of $5,403.51. (*Id.* at 4.) In calculating Thomas' sentence, the Court adopted as its findings the findings set forth in the presentence investigation report (PSIR) (Dkt. No. 40), which was prepared by the U.S. Probation Office using the 1995 edition of the Sentencing Guidelines Manual. (*Id.* at 6.)

1

**Legal Standard**

This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed under Federal Rule of Criminal Procedure 35, according to § 3582(c)(1)(B); and (3) when the Guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the Guidelines' policy statements pursuant to § 3582(c)(2). 18 U.S.C. § 3582(c).

Attempting to proceed solely under the third circumstance, Thomas argues that he is entitled to a sentence reduction as a result of Amendment 599, which amended Application Note 2 of the Commentary to U.S.S.G. § 2K2.4. Section 2K2.4 applies to, among other offenses, convictions under 18 U.S.C. § 924(c) for use of a firearm during and in relation to a crime of violence. When the Court sentenced Thomas, Application Note 2 of the Commentary to § 2K2.4 provided that "[w]here a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the possession, use, or discharge of an explosive or firearm (*e.g.*, § 2B3.1(b)(2)(A)-(F) (Robbery)) is not to be applied in respect to the guideline for the underlying offense." *See also United States v. Dixon*, 273 F.3d 636, 643 (5th Cir. 2001). Subsequent to Thomas' sentencing, Amendment No. 599 became effective. Application Note 2 now states in part:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapons enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct) . . . .

As stated *supra*, § 3582(c)(2) allows a district court, in its discretion, to reduce a term of incarceration where the defendant was sentenced based on a sentencing range that has subsequently been reduced by an amendment to the Guidelines, but only if such a reduction is consistent with the policy statements issued by the United States Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2); *United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). The relevant policy statement is found at U.S.S.G. §1B1.10. *Id.* This section lists the amendments to the Guidelines that are eligible for retroactive application. U.S.S.G. § 1B1.10(c). Amendment 599 is listed. Thomas was sentenced in this cause on June 3, 1996. Since Amendment 599 became effective on November 1, 2000, the Court may consider Amendment 599 in connection with Thomas' request for reduction of sentence.

## Analysis

Thomas contends his sentencing range has been lowered by the adoption of Amendment 599, and therefore his sentence should be reduced. Specifically, Thomas claims the Court improperly imposed weapons enhancements on his offense level for robbery when it made the following adjustments:

> **Victim-Related Adjustments:** Pursuant to U.S.S.G. § 3A1.2(b), the offense level is increased by 3, as the defendants assaulted Missouri Police Officer Lemerond by shooting at him, thereby, creating a substantial risk of serious bodily injury.

(Dkt. No. 40 at 12 ¶ 38 ("Official Victim" enhancement).)

> **Adjustment for Obstruction of Justice:** Pursuant to U.S.S.G. § 3C1.2, the offense level is increased by 2, as the defendants shot at police while being pursued through a residential area and recklessly created a risk of death or serious bodily injury to Kim Vo, who was exposed to the gunfire.

(*Id.* at 13 ¶ 40 ("Reckless Endangerment" enhancement).)

Contrary to Thomas' assertion, the Court did not include a weapons enhancement in calculating the offense level for his robbery conviction. The above Official Victim and Reckless Endangerment enhancements were not specific offense characteristics under U.S.S.G. § 2B3.1, but rather Chapter 3 adjustments, and therefore were properly applied. Moreover, the PSIR as adopted by the Court addressed the issue of double counting and explicitly stated that no weapons enhancement under U.S.S.G. § 2B3.1 would be made:

> Although the defendants brandished firearms during the robbery and later discharged those firearms at police during flight from the bank, no adjustment under U.S.S.G. § 2B3.1(b)(2) will be applied pursuant to Application Note 2 to U.S.S.G. § 2K2.4. Count 2, use of a firearm during a crime of violence, sanctions this conduct with a mandatory consecutive term of imprisonment.

(*Id.* at 12 ¶ 34.) Thus, the Court finds no merit to Thomas' assertion that his sentencing range has been lowered by the adoption of Amendment 599.

## Conclusion

Based on the foregoing, Thomas has not demonstrated that he is entitled to relief under an amendment that has been made retroactive under the Sentencing Guidelines or that he is otherwise entitled to a reduction of his sentence. Accordingly, Thomas' Petition under 18 U.S.C. § 3582(c)(2) for Reduction of Sentence (Dkt. No. 152) is **DENIED**.

It is so **ORDERED** this 12th day of March, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE